NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3425-15T1

ROBERT STEPHENS,

 Plaintiff-Appellant,

v.

COUNTY OF UNION, UNION COUNTY
BOARD OF CHOSEN FREEHOLDERS
and UNION COUNTY DEPARTMENT
OF PARKS AND COMMUNITY RENEWAL,

 Defendants-Respondents.

______________________________

 Submitted April 25, 2017 – Decided May 16, 2017

 Before Judges Reisner and Mayer.

 On appeal from the Superior Court of New
 Jersey, Law Division, Union County, Docket No.
 L-1293-14.

 Rinaldo and Rinaldo Associates, attorneys for
 appellant (Matthew T. Rinaldo and Tiana
 Gimbrone, on the briefs).

 Robert E. Barry, Union County Counsel,
 attorney for respondents (Moshood Muftau,
 Second Deputy Counsel, on the brief).
PER CURIAM

 Plaintiff appeals from a March 4, 2016 order granting summary

judgment dismissing his age discrimination complaint against Union

County, filed under the Law Against Discrimination (LAD), N.J.S.A.

10:5-1 to -49.

 Having reviewed the record de novo, we find that plaintiff's

complaint was correctly dismissed on summary judgment for the

reasons stated by the motion judge. See Davis v. Brickman

Landscaping, 219 N.J. 395, 405-06 (2014); Turner v. Wong, 363 N.J.

Super. 186, 198-99 (App. Div. 2003). We also conclude that

plaintiff's appellate arguments are without sufficient merit to

warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We

add these brief comments.

 Plaintiff, the assistant manager of a County-owned ice rink,

was laid off from his job. He claimed the lay-off was due to his

age. The County produced legally competent evidence that the lay-

off was due to budget cuts that required a reduction in force. In

an oral opinion issued on March 4, 2016, Judge Camille M. Kenny

found that plaintiff failed to produce legally competent evidence

that the County's legitimate non-discriminatory reason for the

lay-off was a pretext for age discrimination. See O'Brien v.

Telecordia Tech., Inc., 420 N.J. Super. 256, 263 (App. Div. 2011),

certif. denied, 210 N.J. 479 (2012). The judge also found that

 2 A-3425-15T1
plaintiff's motion opposition failed to rely on any legally

competent evidence, with the possible exception of some materials

that plaintiff had never disclosed during discovery. The judge

declined to consider the previously-undisclosed material and

deemed defendant's statement of material facts to be undisputed.

See R. 4:46-2(b); Polzo v. Cty. of Essex, 196 N.J. 569, 586 (2008).

However, she also noted that the alleged new evidence did not

relate to a relevant time period, because plaintiff was laid off

in 2012 and his alleged new evidence related to the hiring of

younger employees in 2016. We agree with Judge Kenny's factual

and legal analysis.1

 We also observe that plaintiff's appellate brief does not

properly cite to record evidence in support of his statement of

facts. See R. 2:6-2(a)(5). While we review the record de novo,

it is not our role to hunt through the appendices in search of

support for plaintiff's purported evidence, and we decline to do

so. See Spinks v. Twp. of Clinton, 402 N.J. Super. 465, 474-75

(App. Div. 2008), certif. denied, 197 N.J. 476 (2009).

 Affirmed.

1
 In light of our conclusions as to the LAD claim, we need not
address whether the County Freeholders and the County Parks and
Community Renewal Department are entitled to immunity from suit.

 3 A-3425-15T1